# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:18-cr-00378-APG-VCF |
| vs. | **SEALED EX-PARTE ORDER** |
| CHANNON SOMEE, | |
| Defendant. | SEALED EX PARTE MOTION TO ISSUE SUBPOENA [ECF NO. 22] |

Before the Court is Defendant Channon Somee's Sealed *Ex Parte* Motion for a Court Order to Issue *Subpoenas Duces Tecum* to the Las Vegas Metropolitan Police Department and the Nevada Department of Parole and Probation. (ECF No. 22). For the reasons discussed below, Defendant's motion is granted in part.

### Discussion

Defendant asks the Court to issue *subpoenas duces tecum* to the Las Vegas Metropolitan Police Department ("LVMPD") and Nevada State Parole and Probation Officer Justin Reinhart, directing production of the DIU cell phone extraction report conducted by Defendant's Nevada State Parole and Probation Officer and the LVMPD (*Id.* at 2). Defendant asserts the requested information will be relevant to his defense and could contain exculpatory evidence. (*Id.* at 2). Defendant further asks that the evidence subpoenaed be sent to defense counsel's office, and not be disclosed to the Government, because Defendant believes the disclosure will reveal his counsel's legal strategy. (*Id.* at 2-3).

1

Under Federal Rule of Criminal Procedure 17(c)(1),

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items <u>in court</u> before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them. (*Emphasis added*).

"Rule 17 is not a discovery device…Rule 17(c) may, however, be used to obtain evidentiary materials." *United States v. Sellers*, 275 F.R.D. 620, 622–23 (D. Nev. 2011). "The burden is on the party seeking production to show good cause for the production before trial." *Id.* at 623. This Court follows the standard for good cause set in *United States v. Iozia,* 13 F.R.D. 335, 338 (D.C.N.Y.1952):

(1) That the documents are evidentiary and relevant;

(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;

(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

(4) That the application is made in good faith and is not intended as a general fishing expedition.

*Sellers*, 275 F.R.D. at 623. The party seeking the subpoena also bears the burden of establishing relevancy, admissibility, and specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974). "Enforcement of a pretrial *subpoena duces tecum* must necessarily be committed to the sound discretion of the trial court." *Id.* at 702.

The Court finds Defendant has met the *Iozia* standard. Defendant has shown good cause for production of the requested information prior to trial because it may yield exculpatory evidence. (ECF No. 22 at 2). In compliance with Rule 17(c)(1), the subpoenas must direct the recipients to produce the designated items to the Clerk of Court. The Clerk is directed to inform counsel when the requested items are available, and permit both parties to inspect them. *Sellers*, 275 F.R.D. at 625.

There is no legal basis for not disclosing the evidence, once produced, to the Government. *See United States v. Cooper*,

> "Because the [*Ex Parte*] application justifies the need for pretrial production of the documents requested, the Court, pursuant to Rule 17(c)(1) will require the witness to produce the designated items to the Clerk of Court. Upon receipt, the Clerk shall inform counsel for both parties that the documents are available and permit both parties to inspect them."

No. 2:11-cr-00277-PMP-CWH, 2012 U.S. Dist. LEXIS 13035, at *7 (D. Nev. Feb. 3, 2012). As in *Cooper*, this Court finds Defendant's *Ex Parte* application was properly made, and will require the witnesses to produce the required items to the Clerk of Court. Upon receipt, the Clerk will notify both parties and allow them to inspect the items pursuant to Rule 17(c)(1). *Id*.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Defendant's Sealed Ex Parte Motion for a Court Order to Issue Subpoenas to the Las Vegas Metropolitan Police Department and Officer Justin Reinhart of the Nevada Department of Parole and Probation (ECF No. 22) is GRANTED IN PART.

The Clerk of Court is directed to issue the subpoenas, in the form attached to this order, to Nevada Departments of Parole and Probation Officer Justin Reinhart P# 4735 and Las Vegas Metropolitan Police Department (RECORDS DEPARTMENT); Officers Ibarra and Koenig.

The requested items are to be delivered to the Clerk of Court, not Defendant's counsel directly.

3

IT IS FURTHER ORDERED that the U.S. Marshal serve a copy of this order and the issued subpoena of the Las Vegas Metropolitan Police Department (RECORDS DEPARTMENT); Officers Ibarra and Koenig.

IT IS FURTHER ORDERED that the U.S. Marshal serve a copy of this order and the issued subpoena of Officer Justin Reinhart of the Nevada Department of Parole and Probation.

IT IS FURTHER ORDERED that pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure, the United States Marshal shall pay witness fees and expenses to the above named witness(es) in accordance with 28 U.S.C. § 1825(a)(2).

IT IS FURTHER ORDERED that the U.S. Marshal serve these subpoenas on an expedited basis.

IT IS FURTHER ORDERED that the Clerk notify all counsel when the requested items are received, and make them available for inspection.

IT IS FURTHER ORDERED that, as discussed at the June 24, 2019 hearing, not later than one week after receiving notice of the Clerk's receipt of the subpoenaed items, defense counsel must produce items given to her in response to ECF Nos. 18 and 19 to the Clerk of Court. The Clerk is directed to notify the Government of receipt of these items from defense counsel and make them available for inspection.

The Clerk of Court is directed to email a copy of this order to Defendant Somee's counsel.

DATED this 26th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

for the

_____ District of ___Nevada___

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CHANNON SOMEE | ) | Case No.  2:18-cr-00378-APG-VCF |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:   Nevada Departments of Parole and Probation Officer Justin Reinhart P# 4735
       215 E. Bonanza Rd.; Las Vegas, NV 89101
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See ATTACHMENT A.

| Place: L.D. George United States Courthouse, Clerk of Court<br>333 Las Vegas Blvd. South<br>Las Vegas, NV 89101 | Date and Time:  07/16/2019 12:00 pm |
|---|---|

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

       *(SEAL)*

Date:   _____

                                         *CLERK OF COURT*

                                         _____
                                              *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   _____
_____ , who requests this subpoena, are:

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.   2:18-cr-00378-APG-VCF

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

**TO:**   Nevada Department of Parole and Probation
Officer Justin Reinhart P# 4735
215 E. Bonanza Rd.
Las Vegas, Nevada 89101

**OR:**   PERSON(s) MOST KNOWLEDGEABLE with regard to official and/or non-official records, documents and materials, storage, retention, nature of and content of files for Las Vegas Metropolitan Police Department.

If any of the documents or records below are not being produced by you based on a claim of privilege or any other reason, please expressly state the basis or privilege claimed and describe the nature of the documents, communications or other things sufficient to enable a contest of the claim.

**Regarding:**   Channon Somee aka Chanon Somee
NDOC # 86608
DOB: November 5, 1987
SSN: XXX-XX-6413

Please provide any and all records or reports related to the DIU examination conducted on cellular phones seized during the arrest of the above individual. This request includes all information extracted, obtained, received, or observed from the cellular phones. This request also includes but is not limited to cell phone records indicating telephone calls made, received, numbers dialed, text messages (SMS/MMS), social media accounts, applications, photos, videos and other media whether on the cellular phones hard drive or SIM card.

To assist in your search, the Property/Evidence Transfer Receipt is provided to clarify which evidence this request is related to. The Property/Evidence Transfer Receipt is attached.

# EXHIBIT 1

## Property / Evidence Transfer Receipt

The following property was transferred to the undersigned person
by Peggy Divine on November 29, 2018

### Item Description


184951

Re: Case #: 18P000422
CELLULAR PHONES


184952

Re: Case #: 18P000422
CELLULAR PHONES

REVIEW AND EXAMINATION

Cameras picked up by Officer Ibarra to be given to Officer Koenig with DIU for examination

Signed by Miguel Ibarra                    11/29/18  12:53 pm

211

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
_____ District of ___Nevada___

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| CHANNON SOMEE | )    Case No.  2:18-cr-00378-APG-VCF |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:   Las Vegas Metropolitan Police Department (RECORDS DEPARTMENT); Officers Ibarra and Koenig
      400 S. Martin Luther King; Las Vegas, Nevada 89106
_____
*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A

| Place: | L.D. George United States Courthouse, Clerk of Court | Date and Time: | 07/16/2019 12:00 pm |
|---|---|---|---|
| | 333 Las Vegas Blvd. South | | |
| | Las Vegas, NV 89101 | | |

   Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

      *(SEAL)*

Date:  _____

                              *CLERK OF COURT*

                              _____
                              *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
_____ , who requests this subpoena, are:

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.    2:18-cr-00378-APG-VCF

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

  ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

  ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

　**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

　**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

　**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

　**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

　**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A

**TO:**   Las Vegas Metropolitan Police Dept. (RECORDS DEPARTMENT)
Officer Ibarra and Officer Koenig
400 S. Martin Luther King
Las Vegas, Nevada 89106

**OR:**   PERSON(s) MOST KNOWLEDGEABLE with regard to official and/or non-
official records, documents and materials, storage, retention, nature of and content
of files for Las Vegas Metropolitan Police Department.

If any of the documents or records below are not being produced by you based on a claim
of privilege or any other reason, please expressly state the basis or privilege claimed and describe
the nature of the documents, communications or other things sufficient to enable a contest of the
claim.

**Regarding:**   Channon Somee aka Chanon Somee
NDOC # 86608
DOB: November 5, 1987
SSN: XXX-XX-6413

Please provide any and all records or reports related to the DIU examination conducted
on cellular phones seized during the arrest of the above individual. This request includes all
information extracted, obtained, received, or observed from the cellular phones. This request also
includes but is not limited to cell phone records indicating telephone calls made, received,
numbers dialed, text messages (SMS/MMS), social media accounts, applications, photos, videos
and other media whether on the cellular phones hard drive or SIM card.

To assist in your search, the Property/Evidence Transfer Receipt is provided to clarify
which evidence this request is related to. The Property/Evidence Transfer Receipt is attached.

# EXHIBIT 1

# Property / Evidence Transfer Receipt

The following property was transferred to the undersigned person by Peggy Divine on November 29, 2018

### Item Description


184951

Re: Case #: 18P000422
CELLULAR PHONES


184952

Re: Case #: 18P000422
CELLULAR PHONES

REVIEW AND EXAMINATION

Phones picked up by Officer Ibarra to be given to Officer Koenig with DIU for examination

Signed by: Miguel Ibarra                    11/29/18  12:53 pm

211