# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | 2:18-cr-00378-APG-VCF |
| | **REPORT AND RECOMMENDATION** |
| CHANNON SOMEE, | And |
| Defendant. | **ORDER** |
| | MOTION TO DISMISS [ECF NO. 38], MOTION TO SEVER COUNTS [ECF NO. 39], AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY [ECF NO. 72] |

Before the Court are defendant Channon Somee's motions to dismiss (ECF No. 38), to sever counts (ECF No. 39), and for leave to file supplemental authority (ECF No. 72). The motions to dismiss and sever are fully briefed (ECF Nos. 45, 46, 55, and 56) and the Court held an evidentiary hearing on the motions (ECF No. 59). The motion for leave to file supplemental authority is granted. The motions to dismiss and sever (ECF Nos. 38 and 39) should be denied.

**I.      Background**

The government charged the defendant with conspiracy to distribute a controlled substance and two counts of distribution of a controlled substance (methamphetamine) in violation of 21 USC Sections 841(a)(1), 841(b)(1)(A)(viii) and 846; and one count of felon in possession of a firearm in violation of 18 USC Sections 922(g)(1) and 924(a)(2). (ECF No. 40).

1

The defendant argues in his motion to dismiss that count 4 (felon in possession of a firearm) must be dismissed in light of a recent United States Supreme Court decision, holding that, "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2192 (2019). The original indictment (ECF No. 1) alleged scienter as to the element of possession but did not allege that defendant knew he was a felon at the time of possession. Defendant also seeks disclosure of the grand jury transcripts to find out what evidence the government presented to the grand jury regarding scienter. (ECF No. 38 at 2).

The government argues that defendant's motion to dismiss is moot because the superseding indictment (ECF No. 40) is consistent with *Rehaif* as it alleges that the defendant knew he was a convicted felon and that he knew he was restricted from possessing a firearm. (ECF No. 46 at 2). The government also stated at the hearing that it presented a public record, the defendant's plea agreement that he signed, to the grand jury for the element of scienter. The defendant concedes that the superseding indictment alleges scienter but argues that the defendant's plea agreement is insufficient to establish probable cause as to the contested element. (ECF No. 55 at 4).

The defendant argues in his motion to sever that counts one, two, and three (the drug charges) are properly joined, but that defendant has a trial strategy that is distinct and incompatible with his trial strategy for count four (the gun charge). (ECF No. 39 at 4). The government argues that the counts are properly joined pursuant to Rule 8, that he cannot show actual prejudice pursuant to Rule 14, and that the evidence of guilt is overwhelming given that the controlled buys were audio and video recorded. (ECF No. 45 at 2, 4, and 6). The defendant argues in his reply and at the hearing that even if the counts are properly joined, that he will be prejudiced because he is facing multiple counts. (ECF No. 56 at 1).

1  The defendant argues in her motion for leave to file supplemental authority that the motion to
2  sever is nondispositive and ripe.
3  **II.  Discussion**
4  **A. Motion to Dismiss**
5  Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a motion seeking
6  to dismiss a count of the indictment for "failure to state an offense." The court reviewing this motion
7  evaluates the facial sufficiency of the indictment rather than evidentiary issues. *United States v. Jensen*,
8  93 F.3d 667, 669 (9th Cir. 1996). "An indictment returned by a legally constituted and unbiased grand
9  jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the
10 charge on the merits." *Costello v. United States*, 350 U.S. 359, 359, 76 S. Ct. 406, 406 (1956). For the
11 purposes of a motion to dismiss, the allegations of the indictment must be taken as true. *Boyce Motor*
12 *Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)*; United States v. Chrysler Corp. Parts*
13 *Wholesalers, Northwest Region*, 180 F.2d 557 (9th Cir. 1950). The court may not consider facts outside
14 of the indictment's allegations. *United States v. Bohonus*, 628 F.2d 1167, 1169 n.2. (9th Cir. 1980); see
15 also *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment
16 for failure to state an offense, the court must accept the truth of the allegations in the indictment in
17 analyzing whether a cognizable offense has been charged.")"[I]n a prosecution under 18 U.S.C. § 922(g)
18 and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and
19 that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*
20 139 S. Ct. at 2200.
21 Fed. R. Crim. P. 6 (e)(2) states grand jury proceedings must be kept secret "[u]nless these rules
22 provide otherwise." The Court may order grand jury proceedings to be disclosed to a defendant who
23 shows a "particularized need," that without the transcript, he would be prejudiced. *United States v.*
24 *Plummer*, 941 F.2d 799, 806 (9th Cir. 1991); *Douglas Oil of California y. Petrol Stops NW.*, 441 U.S.
25

211,221,223 (1979). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Nw*., 441 U.S. 211, 222 (1979). The defendant must show that, "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only relevant parts of the transcripts should be disclosed." *United States v. Perez*, 67 F.3d 1371,1381 (9th Cir. 1995).

The superseding indictment alleges the scienter; the defendant concedes that, "now the government's superseding indictment, on its face, cures the defect." (ECF No. 55 at 1). The defendant's motion to dismiss count 4 of the indictment is thus moot. The defendant has not met his burden to show that he has a particularized need for disclosure of the grand jury transcript: the defendant speculated that his plea agreement could not have been enough to show probable cause. Defendant's arguments regarding the adequacy of the evidence before the grand jury is unavailing because this, "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Costello v. United States*, 350 U.S. at 364. The indictment is valid on its face and this Court should hold a trial on the merits.

**B.  Motion to Sever and Motion for Leave**

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of offenses when the separate counts are of the same or similar character, or are based on the same act or occurrence, or are connected with or constitute parts of a common scheme or plan. *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007).  Rule 8(a) is broadly interpreted in favor of joinder. *United States v. Kinslow*, 860 F.2d 93, 966 (9th Cir. 1988).  Federal Rule of Criminal Procedure 14(a) states that if joinder of offenses for trial appears to prejudice a defendant or the government, the court may order separate trials of counts or provide any other relief that justice requires. The court's power to order severance "rests within the

broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that without severance he will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011). Joinder of offenses may prejudice a defendant in that:

> (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find.

*United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). If there is a risk of prejudice, the trial court can neutralize the risk with appropriate jury instructions, and "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Rule 14 does not require severance even if prejudice is shown; the rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Id.* at 538-39.

Rule 12(a)(3)(B)(iv) states that a motion for improper joinder must be made before trial. Rule 12(c)(3)(d) states that the Court must decide every pretrial motion before trial unless it finds good cause to defer ruling. Rule 59(a) states that, "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense."  Rule 59(b) states that, "[a] district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss[.]"

The Court grants the defendant's motion for leave. (ECF 72). Although the supplemental authority is not yet on the docket, in the interests of justice the Court has considered the arguments the defendant presented in Exhibit A (*Id.* at 4). The motion to sever is a pretrial motion and is ripe. The Court issues an order regarding the motion to sever as it is a nondispositive motion.

Joinder is proper under Rule 8 because the four counts charged in the superseding indictment are a continuing course of conduct where the government alleges that the defendant sold drugs and guns in a

one month period to the same informants, and the informants negotiated the gun sale during one of the drug sales as part of a common scheme. Judicial economy favors joinder given that the audio and video recordings would be presented in both trials. The defendant has shown that the multiple charges against him before the jury may cause him prejudice, but the defendant has not met the high standard for showing prejudice of such a magnitude that he will be denied a fair trial. The defendant's proposed trial strategy could change based on discovery he may obtain pursuant to this Court's separate sealed discovery orders. The Court retains the discretion to tailor relief necessary if the defendant can show prejudice in either a pretrial motion or at trial, and less drastic measures, such as limiting instructions, may suffice to cure any risk of prejudice. If less drastic measures will not cure the prejudice, then the district judge retains the discretion to set aside or modify this order if any part of it.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that defendant's motions to dismiss (ECF No. 38) be DENIED.

IT IS HEREBY ORDERED that defendant's motion to sever (ECF No. 39) be DENIED.

IT IS FURTHER ORDERED that defendant's motion for leave to file supplemental authority (ECF No. 72) is GRANTED.

DATED this 9th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE