| | |
|---|---|
| United States of America, | Case No. 2:18-cr-378-APG-VCF |
| Plaintiff, | |
| v. | **ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER AND ACCEPTING REPORT AND RECOMMENDATION** |
| Channon Somee, | |
| Defendant. | |
| | (ECF No. 38, 73, 86) |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

On January 9, 2020, Magistrate Judge Ferenbach recommended that I deny defendant Channon Somee's motion to dismiss as moot because the superseding indictment cures the alleged defect in the prior indictment. ECF No. 73 at 4, 6. Mr. Somee did not object to that recommendation. Thus, I am not obligated to conduct a *de novo* review of Judge Ferenbach's Report and Recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise" (emphasis in original)).

Magistrate Judge Ferenbach also entered an Order denying Mr. Somee's motion to sever the gun charge from the drug charges for the trial in this case. ECF No. 73. Mr. Somee appealed that order. ECF No. 86. I affirm Judge Ferenbach's Order as supplemented below.

Mr. Somee is charged with three drug crimes and one count of being a felon in possession of a firearm. He seeks to sever the drug charges from the gun charge because he wishes to testify about the drug charges but not about the gun charge. He contends that he has important testimony

to give regarding an entrapment or similar defense to the drug charges. While I accept his proffer on that issue, Mr. Somee has not made the requisite showing that he has a "strong need to refrain from testifying" on the gun charge. *United States v. Gilman*, 869 F.2d 1498 (table), 1989 WL 21731 at *3 (9th Cir. 1989) ("Admittedly, a defendant may have a strong need to refrain from testifying about a count as to which the government's evidence is very weak—the risks involved in exposing oneself to the hazards of cross-examination may outweigh any benefit in taking the stand. But where the evidence is sufficiently strong, . . . the need to refrain from testifying is much weaker.").

The crux of the present dispute is that Mr. Somee believes "the government's case is weak with regard to the *Rehaif* element under 18 U.S.C. § 922(g), namely, whether Mr. Somee knew of his felon status at the time he possessed the firearm." ECF No. 86 at 10 (citing to *Rehaif v. United States*, 139 S. Ct. 2191, 2192 (2019)). The Government responds that it has significant evidence of Mr. Somee's knowledge of his felon status, including that he entered into a written plea agreement and pleaded guilty to a felony, "had at least two sentencing dates where he acknowledged his potential sentencing exposure . . ., served approximately 15 years in prison for attempted murder, and was released only months before engaging in the conduct resulting in" this case. ECF No. 92 at 13-14. The Government's proof on this element is not weak. It is sufficiently strong to make Mr. Somee's "need to refrain from testifying . . . much weaker." *Gilman*, 1989 WL 21731 at *3. Therefore, I agree with Judge Ferenbach that severance is not appropriate.

Having reviewed Mr. Somee's appeal, Magistrate Judge Ferenbach's Order, and the underlying papers, I find that the Order is not "clearly erroneous or contrary to law." Local Rule IB 3-1(a).

I THEREFORE ORDER that Magistrate Judge Ferenbach's Report and Recommendation **(ECF No. 73) is accepted**. Mr. Somee's motion to dismiss **(ECF No. 38) is denied.**

I FURTHER ORDER that Magistrate Judge Ferenbach's Order denying Mr. Somee's motion to sever **(ECF No. 73), as supplemented above, is affirmed** in its entirety, and the defendant's appeal **(ECF No. 86) is denied**.

Dated: March 4, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE