# FILED
## UNDER
## SEAL

Prob12C
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER RELEASED ON BOND

Name of Offender: **Channon Somee**

Case Number:  **2:18CR00378**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **December 13, 2023**

Original Offense: **Distribution of a Controlled Substance; Distribution of a Controlled Substance; Felon in Possession of a Firearm**

Original Sentence: **72 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **March 12, 2024**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision: Bond

1. **Home Confinement with Location Monitoring (Special)** – You will be monitored by the form of location monitoring technology indicated below as a condition of bond and you must follow the rules and regulations of the location monitoring program.

   ☒ Location monitoring technology at the discretion of the probation officer.

   ☒ GPS Monitoring (including hybrid GPS).

   This form of location monitoring technology will be used to monitor the following restriction on your movement in the community (choose one):

   ☒ You are restricted to your residence at all times except for employment; education;

RE: Channon Somee

Prob12C
D/NV Form
Rev. June 2014

religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer **(Home Detention)**.

a. On December 12, 2024, Somee made an unauthorized stop at a smoke shop.

b. On December 17, 2024, Somee was given permission to stop to get gas. However, Somee admitted to the undersigned that he did not get gas and decided to get cigarettes instead.

c. On December 17, 2024, Somee made an unauthorized stop at another smoke shop and spent approximately two (2) hours inside the store.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **December 18, 2024**

Digitally signed by Deleyna Jensen
Date: 2024.12.18 14:32:24 -08'00'

Deleyna Jensen
United States Probation Officer

Approved:

Digitally signed by Amberleigh Barajas
Date: 2024.12.18 14:28:47 -08'00'

Amberleigh Barajas
Supervisory United States Probation Officer

RE: Channon Somee

Prob12C  
D/NV Form  
Rev. June 2014

## THE COURT ORDERS

☐     No Action.

☑     The issuance of a warrant.

☐     The issuance of a summons.

☐     Other:

_____  
Signature of Judicial Officer

December 18, 2024  
_____  
Date

RE: Channon Somee

Prob12C
D/NV Form
Rev. June 2014

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. CHANNON SOMEE, 2:18CR00378

## SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### December 18, 2024

On December 13, 2023, Your Honor sentenced Somee to 72 months custody followed by three (3) years of supervised release for committing the offenses of Distribution of a Controlled Substance and Felon in Possession of a Firearm. Supervision commenced on March 12, 2024.

On December 11, 2024, Your Honor signed a petition for warrant on Somee due to his new felony law arrest. On December 12, 2024, Somee appeared in front of the Honorable Judge Youcach for his initial appearance. Somee was not detained at this hearing, but his conditions of supervision were modified to include Location Monitoring with Home Detention.

On December 12, 2024, after being released from custody, Somee reported to the probation office to be placed on the location monitoring equipment. The rules were thoroughly explained to Somee, and he signed the forms pertaining to the location monitoring program. During the installation of the equipment, Somme became defiant and mocked his current situation. Specifically, when the rules were explained, Somee kept asking why the rules were so "strict" for him. It was explained that these rules are for everyone placed on location monitoring and this was a condition of bond, and that the alternative was custody. Somee stated "oh ya, because I'm so dangerous." It was again explained that Somee was arrested for two (2) new felony charges that are similar to his instant offense. Furthermore, Somee made comments about how he does not want to attend work with a bracelet on his leg. It was further explained that one of the compelling reasons as to why he was released on bond rather than to remain in custody was so that he could attend work. Somee was then directed to go home so that the rest of the equipment could be installed at his residence. As Somee was leaving he asked if he could grab food. Somee was instructed that he could go through a drive thru to grab food but that was the only stop he was approved to make. It was explained to Somee several times that when he is allowed to leave on a schedule, that he is to go directly where he is approved to go and make no other stops. The undersigned and United States Probation Officer Muruato left the probation office approximately 20 minutes after Somee to meet him at his residence. The undersigned and officer Muruato arrived at Somee's residence and Somee was not at home. It was discovered that Somee deviated from his approved stop and stopped at a smoke shop and then went to Little Caesar's Pizza. The undersigned attempted to call Somee and sent a message through his GPS bracelet to contact the undersigned to no avail. After another 25 minutes Somee arrived at home. He was questioned on where he was and why he did not answer. Somee admitted to the undersigned that he went to a smoke shop. Somee violated the terms of his bond in less than an hour. Somee was then admonished again, and it was thoroughly explained that he cannot make unapproved stops or leave his residence without permission.

On December 13, 2024, Somee contacted the undersigned and asked if he could go out for his mother's birthday. His request was denied as he is not afforded discretionary leave per office policy. Somee then asked if he could go to the grocery store with his mother and sister, which was also denied, as leave to the grocery is considered discretionary leave as Somee does not live alone, and it appears that he is attempting to find reasons to circumvent the home detention policy and leave his

RE: Channon Somee

Prob12C
D/NV Form
Rev. June 2014

residence for unapproved activities. Somee then began to play a game of semantics with his leave schedule, which was not tolerated. Somee's conditions of bond and location monitoring were explained again. It should also be noted that Somee had a schedule put in place so that he could attend a chiropractor appointment which he did not attend despite approval to leave his residence.

On December 17, 2024, Somee had a schedule put in place so that he could attend work and drug testing. Somee requested to be able to get gas in his vehicle while out on approved leave, which was approved. Later, on that same day, Somee contacted the undersigned about his schedule for the following day. During this discussion, Somee asked if he could get gas. The undersigned stated to Somee that he was already given permission to do so and that in review of his GPS points he had already stopped at the gas station. Somee admitted to the undersigned that he did not get gas and decided to get cigarettes instead. The conditions of location monitoring were explained again. Furthermore, Somee was told when he is approved to go to a specified location that he is to conduct the business he is approved to be out of his residence to complete.

On December 18, 2024, the undersigned continued review of Somee's movements in the community and it was discovered that Somee made another unauthorized stop at a smoke shop and stayed at that location for approximately two (2) hours. Additionally, it should be noted that on the morning of December 18, 2024, Somee had a schedule put in place and approved to go to a chiropractor appointment at 10:00 A.M. and then travel on to his place of employment. Somee did not leave his residence to attend his chiropractor appointment.

It is readily apparent that Somee has no intentions of complying with his conditions of bond. The terms and rules have been thoroughly explained and he has been admonished on several occasions, yet he continues to defy the orders of the Court. It is also concerning in the speed in which he violated these terms as he was on bond for less than an hour before his first violation. It is also unclear what Somee is doing at these smoke shops for almost two (2) hours. It is respectfully requested that a bond warrant be issued in this matter.

Respectfully submitted,

Digitally signed by Deleyna Jensen
Date: 2024.12.18 14:32:48 -08'00'

Deleyna Jensen
United States Probation Officer

Approved:

Digitally signed by Amberleigh Barajas
Date: 2024.12.18 14:29:15 -08'00'

Amberleigh Barajas
Supervisory United States Probation Officer